[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, U.S. Securities, a Connecticut corporation with its principal place of business in Hartford, Connecticut commenced this action by filing a four-count Complaint against the defendant, Connecticut Health Facilities, on May 20, 1994. The parties agree to the following facts. Pursuant to a written agreement between the plaintiff and the defendant dated August 3, 1992, the plaintiff was to provide investment banking services for the defendant, whereby it would assist the defendant in financing a convalescent home project. Additionally, the plaintiff was to obtain financing for the project through the proceeds of a bond issue.
In its Complaint, the plaintiff alleges that it had performed and was in the process of performing under the agreement when the defendant unilaterally cancelled the contract. The plaintiff further alleges that the defendant's breach of contract caused the plaintiff to lose the benefit of the contract to which the parties had earlier agreed. The plaintiff alleges CT Page 11101-P that the defendant sought outside financing for the project and failed to compensate the plaintiff for its efforts in attempting to obtain bond financing as agreed to by the parties. Furthermore, the plaintiff alleges that it incurred substantial costs in its efforts to finance the project and that the defendant failed to pay those costs as provided in the agreement.
In its Answer dated July 7, 1994, the defendant filed a claim for setoff, a counterclaim, and four special defenses. The plaintiff now moves the Court to strike the defendant's claim of setoff, his counterclaim, and his third and fourth special defenses. As required by Practice Book § 155, the plaintiff has filed a memorandum in support of its Motion to Strike and the defendant has timely filed a memorandum in opposition.
 I
A motion to strike is used to test the legal sufficiency of a complaint, counterclaim, or any count therein to state a claim upon which relief can be granted. Practice Book § 152; see Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Accordingly, "if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v. Groton, supra, 143.
In ruling on a motion to strike, the court may only consider the grounds raised in the motion. Blancato v. Feldspar Corporation, 203 Conn. 34, 44,522 A.2d 1235 (1987). The trial court may not overrule a motion to strike based solely upon "the legal conclusions or opinions stated in the complaint." Forbes v. Ballero, 31 Conn. App. 235, 239, 624 A.2d 389 (1993). Additionally, allegations which are "`merely conclusions of law and . . . [lack] . . . sufficient alleged facts to support them, are subject to a motion to strike.'" Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982).
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense." Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985, Burns, J.). "In ruling on . . . a motion to strike [the court has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). However, "[t]he plaintiff [or defendant] must plead sufficient facts in support of its CT Page 11101-Q special defenses." C. N. Flagg Co. v. Reaction Thermal Systems, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 333100 (January 19, 1994, Zoarski, J.), citing Knights of Columbus FederalCredit Union v. Salisbury, 3 Conn. App. 201, 208, 486 A.2d 649 (1985).
 II
In the present case, the defendant's third special defense asserts that the agreement between the parties is, in effect, an agreement for two separate and distinct projects, and, therefore that any fee the plaintiff may be entitled to is limited to $5,000. "The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action."Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992); see Practice Book § 164. The third special defense is a bare statement of legal conclusion without sufficient supporting facts to sustain such an allegation. The plaintiff's Motion to Strike the defendant's third special defense is therefore granted.
 III
Similarly, the defendant's fourth special defense alleges that the contract to provide for bond financing should be viewed as an agreement for two separate and distinct projects, and, therefore that if any damages are to be found against the defendant, they should be limited pursuant to the foregoing interpretation. The defendant's fourth special defense relies on a particular interpretation of the contract between the parties. Nonetheless, the defendant has failed to allege specific extrinsic facts to support his interpretation of the agreement between the parties. Because such facts are not alleged by the defendant, they cannot be considered by the Court on a Motion to Strike. Blancato v. Feldspar Corporation, supra,203 Conn. 44. "A motion to strike is proper where the special defenses are not supported by factual allegations." C. N. Flagg Co. v. Reaction ThermalSystems, Inc., supra, citing Giuliano v. Bourgoir Insurance Agency, Co.,Inc., 2 Conn. L. Rptr. 190 (July 20, 1990, Hammer, J.). The defendant's fourth special defense is therefore legally insufficient, and must be stricken.
 IV
In addition to the third and fourth special defenses, the plaintiff also wishes to strike the defendant's claim by way of setoff and counterclaim. The defendant's claim by way of setoff alleges that it incurred certain costs for which it should now be reimbursed. Additionally, the defendant's counterclaim alleges certain facts regarding the agreement between the CT Page 11101-R parties and circumstances regarding the defendant's efforts to obtain alternative financing. Nonetheless, the defendant fails to allege any particular theory of liability or any breach of fiduciary duty that would, if proven, entitle the defendant to his setoff or counterclaim. Accordingly, the defendant has failed to allege a sufficient basis upon which relief can be granted in either its claim by way of setoff or its counterclaim. For that reason, the plaintiff's Motion to Strike as to the defendant's claim of setoff and counterclaim is also hereby granted.
Michael R. Sheldon Judge