[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ANDPLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
The plaintiff, Carl Pantaleo, seeks damages from the defendants, two physicians who treated his former wife, Debra Pantaleo, for injuries that she claimed were inflicted by the plaintiff, alleging that he has been damaged as the result of certain statements and other actions by them. The twelve counts of his Revised Complaint, although sometimes difficult to categorize with precision, allege fraud (Count I), wilful and wanton misconduct (Count II), intentional infliction of emotional distress (Count III), loss of consortium (Count IV), civil conspiracy (Count V), malicious prosecution (Counts VI and VIII), libel (Counts VII, X and XI), slander (Count IX) and invasion of privacy by false light (Count XII). The defendants have agreed that most of the plaintiff's factual allegations, as they pertain to the defendants' actions, are not in dispute, although they CT Page 1452 have denied that these actions result in liability to the plaintiff. Based on the undisputed facts, they have moved for summary judgment.
The defendants have also filed several special defenses, some of which the plaintiff has moved to strike. Certain of these special defenses raise issues similar to some of the issues material to the motion for summary judgment. Because of this overlap of issues, and because the matter is scheduled for trial in the very near future, the court combined its resolution of both motions into a single memorandum of decision. its resolution of both motions into a single memorandum of decision.
I. The Motion for Summary Judgment:
It is undisputed that plaintiff's former wife sought treatment from each of the defendants and claimed to them that the plaintiff had physically abused her. At the request of Ms. Pantaleo, the defendants supplied information regarding their evaluation of Ms. Pantaleo to Branford law enforcement authorities to aid her in the effort to have the plaintiff arrested on criminal assault charges, and they also provided information and/or gave testimony in Superior Court in connection with civil restraining order proceedings commenced against plaintiff by Ms. Pantaleo. The defendants now seek summary judgment, contending that based upon these undisputed facts, they are entitled to judgment as a matter of law because their reporting on suspected spousal abuse in judicial and quasi-judicial proceedings is absolutely privileged under Connecticut common law. Alternatively they assert that none of the counts of the revised complaint states a viable claim under Connecticut law. Both the plaintiff and the defendants have supplied the court with memoranda of law, affidavits and other supporting documents.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the, moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In CT Page 1453 ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12; Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quotingBoyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D. Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
The defendants' primary argument is that in light of the undisputed facts, and even assuming all of the plaintiff's allegations to be true, they are nonetheless entitled to judgment as a matter of law because the statements complained of by the CT Page 1454 plaintiff were made in connection with ongoing or contemplated judicial proceedings, namely either the criminal prosecution of the plaintiff or the later civil restraining order proceedings, both of which terminated in the plaintiff's favor. It is true that statements made in the context of ongoing judicial or quasi judicial or quasi-judicial proceedings are privileged. Peytan v.Ellis, 200 Conn. 243 (1986). The privilege is based on the principle that "in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." Id. at 246. To that end, the effect of absolute privilege in a defamation action is that damages cannot be recovered even if the allegedly defamatory statement is published falsely and maliciously. Petyan, 200 Conn. at 246;Kelley v. Bonney, 221 Conn. 549, 565.
It is also true that the act of filing a grievance with the Statewide Grievance Committee is privileged, and the person who files the complaint is immune from tort liability arising out of not only his statements during the proceeding but also out of the filing of the complaint. Field v. Kearns, 43 Conn. App. 265
(1996). Despite their claim that the privilege applies as well to "contemplated" judicial proceedings, however, and thus to the events leading up to the plaintiff's arrest on criminal charges, the defendants have been unable to point to any authority for this proposition. Indeed, all of the cases relied upon by the defendants involve situations where the jurisdiction of a court or other "quasi-judicial" agency has already been invoked. Thus, while statements made in connection with the then pending domestic restraining order proceedings are protected by the privilege, it can not be concluded as a matter of law that statements made by the defendants to members of the Branford police department prior to the invocation of the Superior Court's criminal jurisdiction over the plaintiff are privileged and that their makers are immune from tort liability based upon them.
It is true, of course, that the public policy of this state, embodied in statutes such as General Statutes Sec. 46b-38 et seq., favors the enforcement of the statutes which criminalize spousal abuse. Unlike General Statutes Sec. 17a-101[1], however, which mandates reporting of cases of suspected child abuse and provides criminal and civil immunity to those who make such reports in good faith, there is no such mandate or statutory immunity applicable to reporting cases of suspected spousal abuse. The legislature could create such a privilege, but it has CT Page 1455 not yet seen fit to do so. This court can not create such a privilege where it can not be found either in our decisional law or in our existing statutes.
To the extent that statements attributed to the defendants were made in the context of on-going judicial or quasi-judicial proceedings, they are indeed privileged, but the privilege does not apply to statements made to the Branford Police Department prior to the plaintiff's arrest. Because the counts of the plaintiff' s complaint are worded in such a way that it cannot be determined whether any particular count is directed solely at statements of the defendant made in the context of an ongoing judicial proceeding, the motion for summary judgment, to the extent that it is based on the privilege, must therefore fail.
Beyond this broad assertion of privilege, the defendants also claim an independent entitlement to judgment as a matter of law with respect to several counts of the revised complaint.
As to Count I of the revised complaint, which alleges fraud, the defendants assert that they are entitled to judgment because it is undisputed that the defendants' statements, even if knowingly false, did not induce the plaintiff to surrender some legal right. See Miller v. Appleby, 183 Conn. 51 (1981). The plaintiff's response is that what he has alleged in his complaint is that the defendants aided and abetted Mrs. Pantaleo's fraud, and that the net result was that he was induced to surrender his right to be free from false arrest and baseless restraining orders.
To state a fraud claim, plaintiff must establish that 1) a false representation was made as a statement of fact; 2) it was untrue and known to be untrue by the party making it; 3) it was made to induce the other party to act on it; and 4) the latter did so act on it to his injury. Miller v. Appleby, 183 Conn. 51
(1981). Reliance by the plaintiff is an essential element of proof in a fraud action. Jacques v. Roy, 144 Conn. 737 (1956). Here, it is undisputed that the defendants' statements, even to the extent that they may be construed as an aiding and abetting of Debra Pantaleo's efforts, were not directed to the plaintiff and that he did not rely on those statements to his detriment. Whatever the defendants' conduct may be, it is not fraud, and summary judgment is therefore granted as to Count I of plaintiff's Revised Complaint. CT Page 1456
Count II alleges that "[t]he actions of the defendants . . . were wilful and wanton and a malicious prosecution of the plaintiff and done with a reckless indifference to the consequences to the life, limb, health, reputation and/or property and/or marital rights of the plaintiff and those of his daughter." The defendants claim that this count must fail because plaintiff cannot establish that the defendants owed him a duty, and, absent such a duty, there is no basis for a claim of wilful and wanton misconduct. See Meehan v. Yale-New Haven Hospital,
No. CV-95-032-04-18S, slip op., at p. 13 (March 12, 1996) (Hartmere, J.) (because plaintiff could not state a claim for negligence based on defendants' conduct, that conduct could not as a matter of law rise to the level of recklessness). Additionally, they claim that plaintiff's factual allegations support neither claim for wilful and wanton misconduct nor an allegation of recklessness.
Our Supreme Court has defined wilful misconduct as:
 intentional conduct designed to injure for which there is no just cause or excuse. Its characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. Not only the action producing the injury but the resulting injury also must be intentional.
Dubay v. Irish, 207 Conn. 518, 533 (1988) (citations omitted).
In the same case, the court defined recklessness as
 a state of consciousness with reference to the consequences of one s acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.
Id., at 533. (citations omitted).
The defendants are not persuasive in suggesting that they did not owe the plaintiff a duty not to present knowingly false information, if that is what it was, to the Branford police and to the court. The facts that are undisputed do not compel the conclusion that as a matter of law, the making of such statements could not have been wilful and wanton and with reckless disregard CT Page 1457 for the plaintiff's rights. The motion for summary judgment, as it relates to Count II, is therefore denied.
Count III alleges intentional infliction of emotional distress. The issue of whether' a defendant's conduct rises to the level of extreme and outrageous behavior is a question of law to be determined by the court. Kintner v. Nidec-Torin Corp.,662 F. Sup. 112, 114 (D. Conn. 1987). For conduct to be considered extreme and outrageous, it must exceed "all bounds usually tolerated by a decent society," and be "of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." DeLaurentis v. New Haven, 220 Conn. 225,266 (1991).
Courts have refused to find liability for intentional infliction of emotional distress where a defendant physician is alleged to have improperly examined a patient and reported the results of the examination to a third party. See Dymek v.Nyquist, 469 N.E.2d 659, 662 (Ill.App. 1984) (psychologist who treated plaintiff's minor child at the request of plaintiff's wife and later testified in a custody hearing on wife's behalf could not be held liable for intentional infliction of emotional distress). In addition, courts in, Connecticut and elsewhere have concluded that calling the police to report suspected wrongdoing normally does not constitute "extreme and outrageous" conduct sufficient to impose liability for intentional infliction of emotional distress. Clark v. Ferris, 1994 WL 33400 at 5
(Conn.Super. 1994) (calling police and telephone company regarding harassing phone calls and identifying alleged perpetrator was not "extreme and outrageous" in the sense required to establish intentional infliction of emotional (distress).[2]
Although the defendants characterize their conduct here as simply rendering medical treatment to a patient and, at the request of the patient and the police, supplying information obtained from the patient and their evaluation of her to law enforcement and judicial authorities, it can hardly be said to be undisputed that their conduct was so benign. Although the determination of whether the defendants' conduct was extreme and outrageous may be a matter of law to be determined by the court, the facts of this case that would undergird such a legal determination can not be said to be so removed from dispute as to enable the court to make such a determination on a motion for summary judgment. The motion for summary judgment, as it relates to Count III, is therefore denied. CT Page 1458
As to Count IV, alleging loss of consortium, the plaintiff now concedes that because such a cause of action is derivative of an injured spouse's cause of action and dependent on the legal viability of the cause of action of the injured party. Izzo v.Colonial Penn. Ins. Co., 203 Conn. 305, 312 (1987). Because there is no underlying claim by the plaintiff's spouse, the motion for summary judgment, as it relates to Count IV, is granted.
Count V of the Revised Complaint alleges that defendants conspired to commit fraud. Under Connecticut law, a conspiracy claim must be based on some underlying wrong which is committed pursuant to the conspiracy. Marshak v. Marshak, 226 Conn. 652,668 (1993). As a prerequisite to a conspiracy claim, a plaintiff must state a valid underlying cause of action. Williams v.Maislen, 116 Conn. 433, 437-38 (1933). As noted in the earlier discussion of Count I, the plaintiff has not stated a fraud claim against defendants. Because the defendants thus could not have conspired to defraud the plaintiff as a matter of law, they are entitled to summary judgment as to Count V.
Counts VI and VIII allege that defendants' communications with the Branford police and Dr. Horowitz's testimony in judicial proceedings against plaintiff constitute malicious prosecution. In an action for malicious prosecution against a private person, a plaintiff must establish that
 1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; 2) the criminal proceedings have terminated in favor of the plaintiff; 3) the defendant acted without probable cause; and 4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.
McHale v. W.B.S. Corp., 187 Conn. 444, 447 (1982) (citations omitted). With respect to the first prong of the cause of action, the Connecticut Supreme Court has stated that
 A private person can be said to have initiated a criminal proceeding if he has insisted that the plaintiff should be prosecuted, that is, if he has brought pressure of any kind to bear upon the public officer's decision to commence the prosecution. . . . But a private person has not initiated a criminal proceeding if he has undertaken no more than to provide potentially incriminating information to a public CT Page 1459 officer. In such a case, if the defendant has made a full and truthful disclosure and has left the decision to prosecute entirely in the hands of the public officer, he cannot be held liable for malicious prosecution.
Id. at 444 (citations omitted).
Unlike Wolf v. Gubernat, 1993 WL 512408 (1993) (summary judgment appropriate absent evidence that defendant pressured police to arrest plaintiff) or Martino v. Botteiller,1993 WL 53710 (1993), aff'd, 34 Conn. App. 921 (1994) (summary judgment appropriate absent evidence that the acts of the defendant were the "determining factor in the officer's or prosecutor's decision to make an arrest. It is not sufficient to show that an act of the defendant caused the police officer to make an arrest. . . ."), it cannot be said that it is beyond question that defendants did not initiate the civil or criminal proceedings that resulted from his former wife's allegations of abuse. References in the affidavit of Branford Police Lieutenant Herman J. Kustra to Dr. Ravski's "repeatedly insist[ing] that Carl Pantaleo be arrested for assaulting Debra Pantaleo" and "his demands for same over the telephone" leave this issue in dispute. It is undisputed that it was eventually plaintiff's former wife who swore out a criminal complaint against the plaintiff and commenced the civil restraining order proceedings about which he complains, but it is not so clear from those facts which are undisputed that Ravski did not pressure the police or that his actions were not the determining factor in the decision to make an arrest.
Although it appears to be undisputed that the defendants had never met plaintiff, let alone had a professional or social relationship with him, this does not necessarily imply that the actions the defendants undertook were without malice, based on their reactions to and interpretations of Debra Pantaleo's allegations about the plaintiff. Although the court held that the plaintiff in Smith v. Globe Ford, Inc., 39 Conn. Sup. 27, 33
(1983) did not establish malice because nothing in the record suggested that defendants harbored any ill will against plaintiff or that defendants were acquainted with plaintiff, that court also took into account the fact that the defendants did not specifically seek the plaintiff's arrest, a significant fact not present here. There are issues of fact here that are best left to a jury, and the motion for summary judgment as to these two counts in denied. CT Page 1460
Counts VII, IX, X and XI allege libel and slander. The defendants raise no new legal issues with respect to their claim for summary judgment other than their general assertion of privilege. For the reasons stated previously in connection with the discussion of the defendants' claim of privilege, summary judgment is therefore denied as to these counts.
The plaintiff concedes that, based on Lafontaine v. FamilySt. Mary's Hospital, 33 Conn. Sup. 36 (1976), the defendants are entitled to judgment as a matter of law as, to Count XII, which alleges invasion of privacy by false light. Summary judgment is therefore granted as to this count.
II. The Motion to Strike Special Defenses
The defendants have asserted several special defenses, and the plaintiff has moved to strike those of them that are grounded in claims of privilege, including:
1) the privilege attendant to statements made in connection with judicial or quasi-judicial proceedings;
2) the privilege attendant to statements made in connection with the discharge of a private duty to a patient;
3) the privilege attendant to statements made in connection with the discharge of a public duty, namely the reporting of suspected spousal abuse;
4) the privilege attendant to statements which are "fair comments made in good faith and without malice on matters of public interest on matters of public and general concern";
5) the qualified privilege with regard to making otherwise libelous statements about a public figure.
The plaintiff also seeks to strike the special defenses that assert that, with respect to counts VII, IX, X and XI, the plaintiff is limited to those damages that he may have specially alleged and proved.
Preliminarily, it is true, as asserted by the defendants, that this motion to strike the special defenses is untimely, coming a month before trial when virtually identical special CT Page 1461 defenses were in fact interposed months before in connection with earlier versions of the plaintiff's complaint.[3] Additionally, the motion was filed slightly more than 15 days after the special defenses were filed, in violation of Practice Book § 114. Nevertheless, to assure that all issues are properly framed for trial, the court will address the motion to strike.
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co. ofHartford, 230 Conn. 795, 802, 646 A.2d 806 (1994). "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Id. Privilege is an affirmative defense in a defamation action and must, therefore, be specifically pleaded by the defendant. Miles v. Perry, 11 Conn. App. 584, 610 (n. 8) (1987).
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense". Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985); Practice Book § 152(5). "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
As to the privilege attendant to statements made in connection with judicial or quasi-judicial proceedings, this court has already ruled, in connection with the motion for summary judgment, that applied to the undisputed facts, the privilege does not entitle the plaintiff to judgment as a matter of law. To the extent that the plaintiff's proof is grounded in allegations CT Page 1462 of statements made in connection with ongoing judicial proceedings, however, these special defenses do state claims upon which relief may be granted as a matter of law.
"Privilege is an affirmative defense in a defamation action and must, therefore, be specifically pleaded by the defendant. It is for the court to determine, as a matter of law, whether the defendant made the defamatory statements while acting on an occasion of privilege, as in the bona fide discharge of a public or private duty. It is a question of fact for a court or a jury, however, to determine whether the defendant has abused a conditional privilege. A conditional or qualified privilege may be abused or lost if the defendant published or broadcast the defamatory remarks with malice, improper motive, or bad faith. Therefore, a conditional privilege may be recognized only where the statement is made in good faith, without malice, in an honest belief in the truth of the statement, and in discharge of a public or private duty. (Citations omitted). Miles v. Perry,11 Conn. App. 584, 610 (n. 8) (1987). The motion to strike as it relates to the special defenses invoking this privilege is therefore denied.
As to the privilege attendant to statements made in connection with the discharge of a private duty to a patient, although the defendants have not established that the undisputed facts entitle them to summary judgment based on this claim of privilege, they are nonetheless entitled to raise the claim. To do so, they must assert it as a special defense, as they have done. The motion to strike as it relates to these special defenses is therefore denied.
As to the privilege attendant to statements made in connection with the discharge of a public duty, namely the reporting of suspected spousal abuse, this court has already ruled that these is no such privilege that entitles the defendants to judgment as a matter of law, as might be the case if there were a statutory privilege such as that contained in General Statutes § 17-101. This does not mean, however, that these special defenses fail to state claims upon which relief may be granted as a matter of law, and the defendants should be permitted to attempt to prove that they are entitled to the privilege they assert. The motion to strike them as it relates to this privilege is therefore denied.
As to the motion to strike as it relates to those special CT Page 1463 defenses claiming a privilege attendant to statements which are "fair comments made in good faith and without malice on matters of public interest on matters of public and general concern" and that the claim that the plaintiff is a public figure, these allegations, if proved may serve to defeat the plaintiffs causes of action. "It is well settled that a public official is precluded from recovering damages for defamation unless he or she proves that the defamatory statement was made with actual malice.New York Times Co. v. Sullivan, 376 U.S. 254, 279-80,84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Holbrook v. Casazza, 204 Conn. 336,342, 528 A.2d 774 (1987), cert. denied, 484 U.S. 1006,108 S.Ct. 699, 98 L.Ed.2d (1988)."Abdelsayed v. Narumanchi, 39 Conn. App. 778
(1995). The motion to strike as it relates to these special defenses is denied.
Finally, the special defense that alleges that with respect to Counts VIII, IX, X and XI, the plaintiff is limited to those damages that he may have specially alleged and proved such a allegation relates to the measure of damages only and does not show that the plaintiff has no cause of action. The Motion to strike this special defenses is granted.
III. Conclusion:
With respect to Counts I, IV, V and XII of the plaintiff's revised complaint, the Motion for summary judgment is granted. With respect to counts II, III, VI, VII, VIII, IX, X and XI, the motion is denied.
The defendant Ravski's last special defense, relating to Counts VII and XI, is stricken. The balance of the plaintiff's motion to strike is denied.
The defendant Horowitz's last special defense, relating to Count X, is stricken. The balance of the plaintiff's motion to strike is denied.
Silbert, J.