[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Robert DeSimone, alleged in his complaint that the defendant, Richard Dino, committed slander, libel, wilful and wanton misconduct, tortious interference with an employment contract, intentional infliction of emotional distress and negligence against the plaintiff. With his answer, the defendant filed two special defenses and a counterclaim.
The first special defense alleged that the statements, acts and/or conduct of the defendant were privileged as matters of public interest, insofar as they may pertain to a public official in the exercise of his official public duties. The second special defense alleged that the defendant's alleged statements, acts and/or conduct were protected by his constitutional right to freedom of speech. The defendant's counterclaim alleged vexatious litigation on the part of the plaintiff, insofar as the plaintiff "brought this action against the [d]efendant, with the malicious intent to harass, vex and embarrass the [d]efendant, and without probable cause . . ."
The plaintiff moved to strike the first count of the counterclaim, arguing that "the first count for a vexatious counterclaim is improper when it relates to a pending action." The plaintiff also moved to strike the two special defenses in the defendant's answer. The plaintiff argued that "the first special defense of First Amendment privilege and the second defense of public policy are not valid defenses against Plaintiff's claims."
A. Motion to Strike the Counterclaim
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 152, now Practice Book (1998 Rev.) § 10-39. "[A] counterclaim is a cause of action existing in favor of the defendant and against the plaintiff and CT Page 11609 on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the legal sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985).
Connecticut General Statutes § 52-568 provides for vexatious litigation lawsuits. "Any person who commences and prosecutes any civil action or complaint against another, in his own name, or the name of others, or asserts a defense to any civil action or complaint commenced or prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with malicious intent to unjustly vex and trouble such other person, shall pay him treble damages." General Statutes § 52-568.
"`A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, . . . To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor.'" DeLaurentis v.New Haven, 220 Conn. 225, 248, 597 A.2d 807 (1991), quotingVandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978). "In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor." (Citation omitted; internal quotation marks omitted.) Zeller v. Consolini, 235 Conn. 417, 424,666 A.2d 64 (1995).
"This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts . . . The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation." Id. "We have also recognized that, for purposes of the tort of vexatious litigation, the previous litigation that terminated in the plaintiff's favor may be an administrative, rather than a judicial, proceeding." Id.
Furthermore, "[a] claim that the instant case constitutes vexatious litigation is premature. Such a claim is pled, if pled at all as a separate action when the instant case is concluded." CT Page 11610Falcon v. U-Haul Co., Superior Court, judicial district of Hartford/New Britain, Docket No. 55724, (Apr. 9, 1997, Hennessey,J.) (holding that the defendants could not amend their answer to add a counterclaim of vexatious litigation since the case was still pending).
Likewise in the present case, the defendant asserts a counterclaim of vexatious litigation. Since the action is still pending, the requirement that the previous lawsuit be terminated has not yet been fulfilled. Hence, the plaintiff's motion to strike the counterclaim must be granted.
B. Motion to Strike the Special Defenses
"[A] plaintiff can [move to strike] a special defense . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995); Girard v. Weiss, 43 Conn. App. 397, 417,682 A.2d 1078, cert. denied, 239 Conn. 946 (1996). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
"[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see alsoFerryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Quimby v. Kimberly ClarkCorp., 28 Conn. App. 660, 664, 613 A.2d 838 (1992).
"The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra,196 Conn. 108-09.
The defendant, in this case, alleges two special defenses in his answer. The first special defense alleges privilege as a matter of public policy and insofar as the alleged statements CT Page 11611 pertain to a public official in the exercise of his official public duties. The second special defense is that the alleged statements are protected by the defendant's constitutional right to freedom of speech.
"Privilege is an affirmative defense which must be specially pleaded by a defendant, as it assumes facts consistent with the plaintiff's complaint but shows, notwithstanding, that he has no cause of action." Meehan v. Yale New Haven Hospital, Superior Court, judicial district of Fairfield-Bridgeport, Docket No. 320418 (Mar. 12, 1996, Hartmere, J.) (16 Conn. L. Rptr. 437); see also Miles v. Perry, 11 Conn. App. 584, 594 n, 8, 529 A.2d 199
(1987). Further, this court, Karazin, J., held that the court "cannot grant the plaintiff's motion to strike the special defense because the parties, through their pleadings, have not provided the court enough information to decide whether the defendant's claim of privilege is valid . . . This court will not decide whether the defendant's interest was worthy of protection until the parties present more facts to the trier of fact." (Citations omitted.) Menge v. Cafero, Superior Court, judicial district of Stamford/Norwalk, Docket No. 128522, (Jan. 9, 1995, Karazin, J.). "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway . . . As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action . . . Privilege is an affirmative defense in a defamation action and must, therefore, be specifically pleaded by the defendant." (Citations omitted; internal quotation marks omitted.) Pantaleov. Raviski, Superior Court, judicial district of New Haven, Docket No. 326931, (Feb. 14, 1997, Silbert, J.) (19 Conn. L. Rptr. 28).
The defendant's special defenses, if proven, will serve as complete defenses to the plaintiff's claims of libel and slander. "If the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail."Mingachos v. CBS, Inc., supra, 196 Conn. 109. Construing the facts in the light most favorable to the non-moving party (the defendant), the two special defenses are valid defenses and the motion to strike must fail.
Accordingly, because the defendant's assertion of a CT Page 11612 counterclaim for vexatious litigation before the case has terminated is premature, the plaintiff's motion to strike the first count of the counterclaim is granted.
Since the defendant's two special defenses are valid defenses the plaintiff's motion to strike them is denied.
D'ANDREA, J.