## Edward Krasnow *v.* Roger Christensen

Superior Court      Judicial District of      File No. 221157
Fairfield at Bridgeport

Memorandum filed March 14, 1985

*Eileen Krasnow,* for the plaintiff.

*Zeisler & Zeisler,* for the defendant.

Burns, J. The plaintiff, Edward Krasnow, brings this action against the defendant, Roger Christensen, seeking to recover monies allegedly due him on a promissory note. This note was secured by a mortgage on certain property located in Fairfield. The mortgaged property was subsequently foreclosed and the note became unsecured.

The defendant raises by way of a special defense that the consideration for the mortgage represented proceeds from a joint business venture entered into between the plaintiff and the defendant, and that the nature of this business transaction precludes the requirement of repayment to the plaintiff because of the defendant's subsequent losses with the real estate acquired.

The plaintiff moves to strike this special defense because it fails to state a defense upon which relief can be granted.

A motion to strike is the proper method of challenging the legal sufficiency of a special defense. Practice Book § 152. For purposes of a motion to strike, all well pleaded facts are deemed admitted and are construed most favorably to the nonmoving party. *Amodio* v. *Cunningham,* 182 Conn. 80, 82, 438 A.2d 6 (1980). If the allegations in the challenged pleading support any legally sufficient defense, the motion to strike must be denied. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

The plaintiff argues in support of his motion that the note in question is a negotiable instrument; is unconditional in nature; has no relation to the defendant's subsequent gains or losses from the real estate acquired; and therefore is not subject to the defense raised. All of these facts were alleged in the plaintiff's memorandum in support of his motion. When considering a motion to strike, the court must rely wholly upon the facts alleged in the pleadings and those necessarily implied therefrom. *Amodio* v. *Cunningham,* supra, 82. Conclusions of law and facts from outside of the pleading are extraneous and may not be considered. *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 285–86, 449 A.2d 986 (1982); *State* v. *Bashura,* 37 Conn. Sup. 745, 436 A.2d 785 (1981).

General Statutes § 42a-3-104, which sets forth the elements of a negotiable instrument, requires, inter alia, that the instrument contain an unconditional promise to pay. The plaintiff did not allege in his complaint that the note at issue contained an unconditional promise to pay. Therefore, lacking an essential element of negotiability, the note remains a simple contract for the payment of money subject to any defenses that may

be asserted against a simple contract. *Appliances, Inc.* v. *Yost,* 181 Conn. 207, 210–11, 435 A.2d 1 (1980). A special defense which alleges that repayment is contingent upon the happening of an event is a valid defense to a claim on a simple contract. *Ruscito* v. *F-Dyne Electronics Co.,* 177 Conn. 149, 171–72, 411 A.2d 1371 (1979); *Dolak* v. *Sullivan,* 145 Conn. 497, 503, 144 A.2d 312 (1958).

The defendant alleges in his special defense that he is not obligated to repay the plaintiff because of the losses incurred on the real estate acquired. The defendant has alleged a legally sufficient defense.

The motion to strike is denied.