[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 115)
Plaintiff, Virginia D'Addario, is the beneficiary of several inter vivos spray trusts set up by F. Francis D'Addario ("settlor"), her father, before his death. Defendants Stanley Bergman and William Blagys are two of three trustees named by the settlor to administer the trusts. Plaintiff alleges the following facts:
1. The trusts in question prohibit the trustees from dealing with or disposing of principal or income of the trust property for less than an adequate or full consideration, and prohibit them from allowing the settlor to borrow the capital or income of the trust estate without adequate interest and security.
2. Defendants breached the terms of the trusts by allowing the settlor to mortgage trust property as security for a loan for the settlor's benefit without the required interest or security.
3. Thereafter, defendant Bergman resigned as trustee.
4. Plaintiff learned of the trusts and the aforementioned mortgage of trust property after the death of her father.
5. As a result of the actions of the trustees, plaintiff has lost substantial amounts of money.
Plaintiff brought this suit against defendants for breach of fiduciary duty and willful default of fiduciary obligations and negligence. She seeks monetary damages, costs, interest and attorney's fees. Defendant Bergman has asserted the special defenses of statute of limitations and laches which plaintiff moved to strike on the grounds of legal insufficiency.
A motion to strike is the proper vehicle to challenge the legal sufficiency of a special defense. Connecticut Practice Book 152 (rev'd. to 1978, as updated to November 30, 1990); Krasnow v. Christensen, 40 Conn. Sup. 287, 288 (1985, Burns, J.). The grounds upon which the plaintiff moves to CT Page 57 strike the limitations defense are that plaintiff's claim for breach of trust is equitable in nature and, as such, cannot be barred by the statute of limitations. Plaintiff argues that defendant has not asserted sufficient facts to support the special defense of laches.
I. STATUTE OF LIMITATIONS DEFENSE
It is true that breach of trust (count one in plaintiff's complaint) is an equitable claim against which the limitations defense is ordinarily ineffective, MacDonald v. Hartford Trust Company, 104 Conn. 169, 187-89 (1926); Dunham v. Dunham, 204 Conn. 303, 326-27 (1987); Restatement (Second) of Trusts 197 (1959); III Scott on Trusts 198 and 198.1 (4th ed. 1988). The plaintiff has also alleged (counts two and three) claims for willful default of fiduciary obligations and negligence, both sounding in tort. Tort actions have a three year statute of limitations., 52-577; Prokolkin v. General Motors Corp., 170 Conn. 289, 294 (1976) (52-577 applicable to all tort actions which do not fall within 52-584 or another section); Ramsdell v. Union Trust Co., 202 Conn. 57, 66 n. 5 (1987) (action for misfeasance and negligence against trustee of inter vivos trust has three year statute of limitations).
By way of a first special defense, defendant alleges that "plaintiff's claims are barred by the applicable statutes of limitations." Defendant Bergman's Answer, Special Defenses and Crossclaim re Amended Complaint, p. 3 (emphasis added). Thus, by the express language of the pleading, defendant asserts the defense as against all counts in plaintiff's complaint. "If the motion to strike is addressed to the entire defense, it will be [denied] if the defense is good as to one count or theory even if it is bad as to another. Stephenson, Connecticut Civil Procedure, Vol. I, Sec. 131(b), p. 550." Natale v. Greenwich Board of Education, 4 CSCR 325, 326 (March 13, 1989, Melville, J.). See also Doyle v. A P Realty Corp., 36 Conn. Sup. 126,127 (Super.Ct. 1980) (motion to strike must fail if any of the claims are legally sufficient). Defendant Bergman's limitations defense is legally sufficient as against the claims of willful default and negligence; therefore, plaintiff's motion to strike is denied.
II. LACHES DEFENSE
"Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." Connecticut Practice Book 108.
A motion to strike admits all facts well pleaded but does not admit legal conclusions. Maloney v. Conroy, 208 Conn. 392, CT Page 58 394 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide. . . a defense." County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582,585-86 (1985).
The defense of laches consists of two elements: (1) an unreasonable, inexcusable delay; and (2) prejudice to the defendant resulting from the delay. Berin v. Olson, 183 Conn. 337,344 (1981); Cummings v. Tripp, 204 Conn. 67, 88 (1987). Delay by itself is not sufficient to bar a claim. Cummings,204 Conn. at 88.
In his special defense defendant Bergman has asserted no facts to support his legal conclusion that plaintiff's claims are barred by laches. As the defendant has failed to allege sufficient facts to support such a defense, as mandated by Connecticut Practice Book 108, plaintiff's motion to strike the defense of laches is granted.
E. EUGENE SPEAR, JUDGE