[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING MOTION TO STRIKE COLLATERAL SOURCE AS A SPECIAL DEFENSE CT Page 1310
Plaintiff Thomas J. Jeffreys alleges that on April 4, 1989 he was involved in a collision which occurred when defendant Gregory J. Bombassei who was driving in a westbound direction on Route 34, struck the rear of a vehicle that was also heading in a westbound direction but which was stopped in preparation to make a left turn onto Pleasant Valley Road in the Town of Orange, Connecticut. The plaintiff alleges that when the stationary car was struck, it was propelled into the plaintiff's vehicle. The plaintiff further alleges that the defendant negligently operated his vehicle by, inter alia, failing to keep a proper lookout, driving at an unreasonable rate of speed, following too closely, failing to brake in time and failing to control his vehicle. As a result of the plaintiff's injuries, he is claiming money damages.
On August 5, 1991 the defendant filed an answer and special defenses, paragraph one of which claims that the plaintiff is seeking compensation for personal injuries from an October 1, 1987 civil action and paragraph two of which claims that in connection with that suit, certain amounts of money were paid to the plaintiff from collateral sources. Specifically, the defendant claims in its special defense that if the trier of fact awards damages for personal injury to compensate the plaintiff in the present case, the defendant should be entitled to a reduction in that award from amounts paid to the plaintiff in the form of collateral sources in accordance with General Statutes 52-225a.
The plaintiff has filed a motion to strike the defendant's special defense, together with a supporting memorandum, on the ground that it was insufficient as a matter of law.
The defendant has filed an objection to the plaintiff's motion to strike, together with its own supporting memorandum of law. The defendant objects to the plaintiff's motion to strike on the ground that collateral source payments are properly pled as a special defense.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, CT Page 1311491 A.2d 368 (1985). "A motion to strike is [likewise] the proper method of challenging the legal sufficiency of a special defense." Krasnow v. Christensen, 40 Conn. Sup. 287, 288,492 A.2d 850 (1985, Burns, J.). The test for deciding whether to grant a motion to strike is "whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense." County Federal Savings and Loan Ass'n v. Eastern Associates, 3 Conn. App. 582, 585, 491 A.2d 401 (1985).
The plaintiff argues that the defendant is not entitled to be relieved from paying any part of an award of damages for injuries proximately resulting from his own act, where the plaintiff has been compensated from a collateral source. The plaintiff further argues that a special defense, which pleads a potential setoff pursuant to General Statutes 52-225(a), should be stricken.
The defendant contends that the collateral source reduction is properly pled as a special defense and that therefore, the plaintiff's motion to strike should be denied. Specifically, the defendant argues that the motion should be denied on four grounds: 1) that Connecticut Practice Book 168 allows a defendant to plead any setoff in his answer; 2) that pleadings are no longer required to be presented to the jury; 3) that the pleading of a collateral source special defense also apprises the plaintiff of the issue at a time when discovery may be done; and 4) that the defendant has the right to plead his case in his own way unless it runs counter to a rule of pleading.
General Statutes 52-225a(b) states in pertinent part:
 Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
Collateral sources are defined in General Statutes52-225b as follows: CT Page 1312
 "Collateral sources" means any payments made to the claimant . . . by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance . . . and any other similar insurance benefits . . . or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services.
"There is a conflict of authority as to whether a defendant may validly plead collateral source payments as a special defense." DeAlba v. George, 3 Conn. L. Rptr. 49, 50 (December 4, 1990, Hennessey, J.). However, "the weight of authority leans towards not allowing this to be asserted as a special defense." Derdiarian v. Clinton, 3 Conn. L. Rptr. 299
(February 26, 1991, Ryan, J.).
"A collateral source reduction under Section 52-225a of the General Statutes is undertaken only after damages are awarded by the trier of fact, on the basis of evidence which is `totally outside the scope of trial and which would be inadmissible there.'" (Emphasis in original.) Daniels v. Martinczak, 5 CTLR 429, 430 (January 10, 1992, Schaller, J.), quoting Zagaja v. Guerrera, 1 Conn. L. Rptr 401, 402 (March 23, 1990, Maloney, J.). See also Whitely v. Sebas, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 031783 (February 28, 1991) ("section 52-225a . . . provides that credits for collateral source payments are considered by the court after damages are awarded by the trier.") "The reduction is, in essence, a charge against that which is awarded to the plaintiff after it has proven the elements of his or her cause of action." (Emphasis in original.) Daniels v. Martinczak, supra.
In the present case the defendant argues that the plaintiff's motion to strike should be denied on the ground that Practice Book 168 allows a defendant to plead any setoff in his answer. Nevertheless, a condition precedent to application of a legal setoff is that ". . . it shall be in answer to a suit on a debt." Savings Bank of New London v. Santaniello, 130 Conn. 206,211, 33 A.2d 126 (1943); whereas "[a] collateral source payment is . . . a payment made to the plaintiff pursuant to any health, sickness or automobile insurance policy provision, CT Page 1313 health benefits or payments made pursuant to any contract to provide, pay for or reimburse costs of health care services." Derdiarian v. Clinton, supra, citing to Rosiello v. Ladden,2 Conn. L. Rptr. 238 (August 7, 1990, Santos, J.). "[B]ecause a collateral source reduction does not arise `independent of the action being sued upon,' a collateral source reduction is not a setoff. Therefore, Section 168 of the Practice Book does not require a collateral reduction to be specifically pled." Daniels v. Martinczak, supra. See also Vezina v. Warner-Lambert Co., Superior Court, judicial district of Waterbury, Docket No. 101609 (August 18, 1992) ("a setoff involves a reduction in an award because of a debt owed the defendant by the plaintiff. Because collateral source payments do not fit into the definition of a setoff, `a collateral source reduction is not a setoff.'")
The defendant further argues that the motion to strike should be denied because the pleadings are no longer required to be presented to the jury, the pleading of a collateral source special defense apprises the plaintiff of the issue at a time when discovery may be done, and because the defendant has the right to plead his case in his own way unless it runs counter to a rule of pleading.
In Daniels v. Martinczak, supra, Judge Schaller stated:
 The fact that a judge might elect not to send pleadings to the jury and that pleading collateral source would apprise the plaintiff of the existence of an issue do not make permissible an otherwise improper method of pleading. Pleading collateral source as an affirmative defense does not comply with the rule of pleading special defenses as contained in Practice Book 164.
For the foregoing reasons and upon the foregoing authorities, the motion to strike is granted.
Clarance J. Jones, Judge CT Page 1314