[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIALDEFENSE (No. 107)
A. Facts:
On September 14, 1992, the plaintiff sustained injuries when she was involved in an automobile accident while a passenger in a motor vehicle owned and operated by Mr. William Brown. (Complaint ¶¶ 4, 6). At the time of the accident the plaintiff had a valid automobile insurance policy, with under-insurance coverage, with the defendant. (Complaint ¶¶ 2-3). On October 18, 1993, the plaintiff gave notice to the defendant of her claim for underinsurance benefits and made demand for payment. (Complaint ¶ 10). On or about February 28, 1994, the plaintiff settled her claim with the tort-feasor, Mr. Brown, for the full policy limit of $20,000. available under Mr. Brown's automobile insurance. (Complaint ¶ 9). On September 19, 1994 the court received the plaintiff's complaint against the defendant for underinsurance benefits. (Complaint p. 1) The defendant filed an answer with the court on October 24, 1994. (Answer p. 1) and an amended answer on September 6, 1995. (Amended Answer p. 1). On September 18, 1995 the plaintiff filed her motion to strike special defenses and memorandum in support with the court. (Motion p. 1).
B. Legal Analysis:
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.). RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "A demurrer [motion to strike] may be filed by either party: a defendant can demurrer to a complaint; a plaintiff can demurrer to a special defense or a counterclaim." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978); see also Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992). "A motion to strike is the proper method of challenging the legal sufficiency of a special defense". Krasnow v. Christensen, 40 Conn. Sup. 287, 288,492 A.2d 850 (1985).
The plaintiff moved to strike the third paragraph of the second special defense on the ground that the defendant failed to state a claim upon which relief can be granted because the third paragraph is "irrelevant as it does not address the facts alleged where the plaintiff does not claim that she was injured after she re-entered the tort-feasor's vehicle (Memorandum in support p. 3). CT Page 11623
It is found that the plaintiff has failed to properly plead, as a motion to strike is the improper vehicle to correct the special defense. The plaintiff should have filed a request to revise and not a motion to strike for the reasons set forth below.
"A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action." Zavo v. Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 94-313902 S (January 25, 1995, Cocco, J.). "[W]here `individual paragraphs standing alone do not purport to state a cause of action, `a motion to strike cannot be used to attack the legal sufficiency of those paragraphs." Id., quoting Jaramillo v. Adis, 8 CSCR 660 (May 5, 1993, Ballen, J.).
In this court's opinion, the defendant is not attempting to state an independent cause of action in the third paragraph of the second special defense[1], therefore the motion to strike is the improper pleading. The plaintiff's statement that the third paragraph is "irrelevant" is not a proper ground to base a motion to strike a single paragraph of a special defense. It is found the appropriate remedy is to file a request to revise.
Practice Book § 147 Request to Revise states in relevant part: "Whenever any party desires to obtain . . . (2) the deletion of any unnecessary, repetitious, . . ., immaterial or otherwise improper allegation in an adverse party's pleading, . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."; see also Rowe v. Godou, 209 Conn. 273, 279 n. 8,550 A.2d 1073 (1988).
C. Conclusion:
It is concluded that the plaintiff's motion to strike special defenses ought to be and is hereby denied.
Salvatore F. Arena, J.