[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#140)
The plaintiff has moved to strike the defendant's first and fifth special defenses. The plaintiff claims that neither the first special defense, which is based on "state of the art", nor the fifth special defense, which is based on contributory negligence, is a recognized defense to a products liability action in Connecticut. CT Page 4034-OO
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted). Mingachos v.CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). "A motion to strike is the proper method of challenging the legal sufficiency of a special defense". Krasnowv. Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850 (1985); Practice Book § 152(5).
The basic allegations of the complaint are that the plaintiff was injured during the course of his employment while operating a machine manufactured by the defendant. He claims that the machine was defectively designed and that the manufacturer failed to include appropriate safety devices and warnings that would have prevented his injuries.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book 164." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992); see Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795,802, 646 A.2d 806, (1994). The defendant's first special defense states that:
 If plaintiff sustained the injuries and damages alleged, said injuries and damages were not as a result of the defendant's conduct because it manufactured the grinding machine with the highest standards and in accordance with the state of scientific and technological knowledge at the time of manufacture.
The defendant contends that such a defense is recognized inTomer v. American Home Products Corp., 170 Conn. 681, 687 (1976).Tomer, however, was decided prior to the enactment of the Connecticut Products Liability Act. Because "the doctrine of strict liability in tort is concerned with the character of the product injected into the stream of commerce, not with the specific conduct of the defendant", Sanderson v. Steve SnyderEnterprises, Inc. 196 Conn. 134, 137, 491 A.2d 389 (1985), the CT Page 4034-PP state of the art defense is inappropriate to the extent that a claim is based on strict liability. See Lasser v. Leisure Lift,Inc. No. 327342 8 Conn. L. Rptr. 501 (March 11, 1993). Neither party has been able to point the court to any case decided after the enactment of the Connecticut Product Liability Act in which a state of the art defense has been allowed in such circumstances. See, generally, R. Yules, "Defenses in the Product Liability Act", 57 Conn. B.J. 441 (1983).
The defendant contends that even if the state of the art defense is inapplicable to the plaintiff's strict liability claims, the defense is nonetheless applicable to those allegations of the amended complaint that are based on a failure to warn. An examination of the amended complaint reveals that Paragraphs 9(e), (f), (g) and (k) make claims that the defendant failed to warn the plaintiff of certain alleged defects. Because an alleged failure to warn, unlike the doctrine of strict liability, does implicate the specific conduct of the defendant, it is conceivable that a state of the art defense could be made applicable to a claim of failure to warn. A careful reading of the wording of the special defense, however, reveals that it is directed solely at the allegations regarding the manufacture of the machinery in question. The motion to strike the first special defense is therefore granted.
The plaintiff also has moved to strike the fifth special defense, which states:
 In the event that the plaintiff operated an AG67 grinding machine manufactured by the defendant, any injuries or damages sustained by the plaintiff were caused by his own carelessness and negligence.
The plaintiff points to General Statutes § 52-5721, which provides that, "In causes of action based on strict tort liability, contributory negligence or comparative negligence shall not be a bar to recovery. . ."
In Norrie v. Heil Co., 203 Conn. 594, 600 (1987), our Supreme Court held that this statutory provision "eliminated contributory negligence as a defense to a products liability action." As was noted in Greenwood v. Eastman Kodak Co., No. CV92-0452919S11 Conn. L. Rptr. 309 (March 25, 1994), "the negligence of the plaintiff can diminish, but does not bar, the recovery of damages. Accordingly, comparative negligence cannot be specially pled in a product liability CT Page 4034-QQ action because this special defense does not demonstrate that the plaintiff has no cause of action."
Citing Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509,542 (1989), the defendant notes that General Statutes § 52-5721 "does permit a jury to diminish a plaintiff's dollar verdict by that percentage of his own responsibility in such actions even where it may be found to exceed that percentage of negligence which would, under the doctrine of comparative negligence, operate as a bar to a plaintiff's recovery." In this, the defendant may be correct, but its contention affords it only the opportunity to have a jury reduce damages in a proportion based on the degree of the plaintiff's negligence. It is not tantamount to a claim that the plaintiff "has no cause of action", and it therefore cannot be asserted as a special defense. The motion to strike the fifth special defense is therefore granted.