[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM MOTION TO STRIKE #111
 FACTS
The plaintiff seeks to foreclose a mortgage. The defendant mortgagors have filed two special defenses and counterclaims. The first special defense and counterclaim allege fraud in the inducement. The second special defense and counterclaim allege that the plaintiff breached the implied covenant of good faith and fair dealing when it failed to disclose real estate values and private mortgage insurance information to the defendants. The CT Page 9498 plaintiff moves to strike both special defenses and counterclaims on the grounds that the special defenses are not valid defenses to a foreclosure action and/or are legally insufficient, and that the counterclaims fail to state a claim upon which relief can be granted.[1] The matter was heard by the court on July 6, 1998.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, ___ A.2d ___ (1998). "A motion to strike is the proper method of challenging the legal sufficiency of a special defense." Krasnow v. Christensen, 40 Conn. Sup. 287, 288,492 A.2d 850 (1985).
"[S]pecial defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Bank of Hartfordv. Demas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313759 (May 9, 1997, West, J.). "[D]efenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Id.
Both the special defenses of fraud and breach of the implied covenant of good faith and fair dealing have been recognized as valid special defenses to a foreclosure action. See, id. (fraud can serve as a defense to foreclosure); Chief v. Sargent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330307 (August 21, 1996, West, J.) (breach of an implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action). Moreover, the allegations in the special defenses relate to the making of the underlying note when viewed in the light most CT Page 9499 favorable to the defendants, and are legally sufficient to withstand the plaintiff's motion to strike. For the same reasons, the plaintiffs argument that the first and second counterclaims should be struck as legally insufficient should also be denied.
NADEAU, JUDGE.