[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's motion to strike the defendant's second special defense.
On July 26, 1996, Connie Scott, a minor, was playing in the backyard of her apartment complex located at 33 Belden Street, New London, CT., when she slipped and fell on the grass severely lacerating her knee on glass and debris lying therein. The defendant, Patrick E. Foltz, owns and is in control of the premises located at 33 Belden Street, New London, CT.
On July 23, 1997, the minor's father, Albert Scott, filed a complaint sounding in negligence against the defendant. On October 23, 1997, the defendant filed his answer and special defenses. On October 30, 1998, the plaintiff filed a motion to strike the defendant's second special defense which alleged that the injuries sustained by the minor were caused by the negligence of the plaintiff, Albert Scott. On November 25, 1998, the defendant filed an objection to the motion to strike and a memorandum of law in support.
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense. Practice Book § 152."Krasnow v. Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850
(1985). "The purpose of a motion to strike is to test the legal sufficiency of the pleading . . . and can be filed to contest the legal sufficiency of any answer . . . including any special defense contained therein. Connecticut Practice Book Section 152(5) (rev'd to 1978, as updated to October 1, 1990)." (Citations omitted; internal quotation marks omitted.)" YaleUniversity School of Medicine/Office of Professional Services v.Wurtzel, Superior Court, judicial district of New Haven at New Haven, Docket No. 275314 (April 9, 1991, Mihalakos, J.) (3 CONN. L. RPTR. 520).
The plaintiff argues that the defendant's second special defense is barred by the parental immunity doctrine because it asserts a defense of contributory negligence.
In opposition, the defendant argues that the plaintiff's reliance on the doctrine of parental immunity is misplaced because he does not seek to apportion liability, rather, he denies liability altogether by alleging that the plaintiff, Albert Scott, was the proximate cause of the minor's injuries.[1] In the alternative, the defendant asserts that CT Page 14901 even if the special defense were to be raised in the context of apportionment, the defense is consistent with the parental immunity doctrine.
The issue before the court is whether the parental immunity doctrine serves to bar a special defense based primarily on allegations of negligent parental supervision and negligent exercise of parental discretion.
"The doctrine of parental immunity . . . forbid[s] to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." (Citations omitted; internal quotation marks omitted.) Squeglia v. Squeglia, 234 Conn. 259, 263,661 A.2d 1007 (1995). The parental immunity doctrine has been modified in certain circumstances in that "the doctrine does not bar an action by an unemancipated child against a parent for injuries received because of: (1) the negligent conduct of a parent at a business enterprise located outside of the home . . . (2) the negligent operation of a motor vehicle, aircraft or waterborne vessel . . . or (3) sexual abuse, sexual assault or sexual exploitation." (Citations omitted.) Id., 265.
"The purpose of the [parental immunity] doctrine is to preserve the integrity and unity of the family and to avoid unnecessarily injecting the machinery of the state into the day-to-day exercise of parental discretion. Id. "The supervision, care and instruction of one's child involves issues of parental control, authority and discretion that are uniquely matters of a very personal type. . . . Each parent has unique and inimitable methods and attitudes on how children should be supervised. Likewise, each child requires individualized guidance depending on intuitive concerns which only a parent can understand. Also, different cultural, educational and financial conditions affect the manner in which different parents supervise their children. Allowing a cause of action for negligent supervision would enable others, ignorant of a case's peculiar familial distinctions and bereft of any standards, to second-guess a parent's management of family affairs. . . ." Dubay v. Irish, 207 Conn. 518, 527,542 A.2d 711 (1988).
There is a split among the Connecticut superior courts as to whether the doctrine of parental immunity bars a third party from asserting the negligence of a parent for purposes of apportionment or indemnification. However, the majority of CT Page 14902 superior courts cases have denied this action based on a concern that it would defeat the underlying purpose of the parental immunity doctrine. See Feer v. Santini, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531207 (June 13, 1997, Sullivan, J.) (19 CONN. L. RPTR. 612); Richardsonv. Schochat, Superior Court, judicial district of New Haven at New Haven, Docket No. 398264 (January 29, 1998, Lager, J.) (21 CONN. L. RPTR. 254); Dennis v. Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342399 (May 1, 1998, Skolnick, J.) (22 Conn. L. Rtpr. 201). Courts which have held otherwise include: Haims v. Omni Fitness EquipmentSpecialists, Superior Court, judicial district of Danbury at Danbury, Docket No. 308418 (February 18, 1993, Fuller, J.) (8 C.S.C.R. 268), Bueno v. Duva, Superior Court, judicial district of Danbury at Danbury, Docket No. 305195 (July 9, 1992, Fuller,J.) (7 C.S.C.R. 919); Mitchell v. Ensign-Bickford Haz-Pros, Inc.
Superior Court, judicial district of Waterbury at Waterbury, Docket No. 119742 (July 14, 1995, Sullivan, J.) (___CONN. L. RPTR.___).
The court is compelled to follow the persuasive reasoning of the majority cases above.
In the present case, in order to establish liability on the part of the plaintiff, Albert Scott, evidence of his alleged parental negligence would have to be introduced into the litigation. This would defeat the purpose of the parental immunity doctrine by injecting the machinery of the state into the day to day exercise of parental discretion. Since the parental immunity doctrine bars the defendants allegations based on negligent parental supervision and negligent exercise of parental discretion, the defendant's second special defense should be stricken.
The plaintiff's motion is granted.
Mihalakos, J.