[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE PLAINTIFF'S SPECIAL DEFENSE (# 111)
The plaintiff, Sharon Moltz, brings this action in negligence for injuries and losses sustained as a result of the following series of events. The plaintiff alleges that she hired a taxi-cab owned by the defendant, Harry's Taxi, Inc., to drive her to the Taco Bell Restaurant on Route 12 in Groton, CT., and then to her home.
The driver of the taxi-cab drove the plaintiff to Taco Bell and parked the taxi-cab in the restaurant's parking lot to wait for the plaintiff's return. When the plaintiff re-entered the taxi-cab, the driver backed the taxi-cab into and over a concrete barrier, throwing the plaintiff forward inside the taxi-cab and lodging the vehicle behind the concrete barrier.
To free the taxi-cab, the driver requested that the plaintiff steer the vehicle while he and another gentleman pushed the taxi-cab off the concrete barrier. As the two men pushed the taxi-cab from behind, the vehicle quickly came off the barrier once again throwing the plaintiff forward and causing the driver's side door to close on the plaintiff's left leg.
On September 16, 1998, the defendant filed its answer and a CT Page 10674 special defense. In its special defense, the defendant alleged contributory negligence on the part of the plaintiff.[1]
On October 15, 1998, the plaintiff filed a motion to strike subparts a, e, d and e of the defendant's special defense along with a supporting memorandum of law.
On November 9, 1998, the defendent filed an objection to the motion to strike and a memorandum of law in support.
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense. Practice Book § 152."Krasnow v. Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850
(1985). "A [motion to strike] may be filed by either party: a defendant can [move to strike] the complaint; a plaintiff can [move to strike] a special defense or counterclaim" Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
The plaintiff argues that "[o]f the five sub-parts to the Defendant's Special Defense, only one is sufficient to support a claim of contributory negligence," and therefore, subparts a, c, d and e should be stricken.
"Although there is a split of authority, most trial courts follow the rule that a single paragraph of a pleading is subject to a motion to strike only when it attempts to set forth all of the essential allegations of a cause of action or defense. See generally Smith v. Bridgeport Futures Initiative, Inc., Superior Court, judicial district of Fairfield, Docket No. 326697 (August 16, 1996, Levin, J.) (17 Conn. L. Rptr. 412, 416 n. 2.), and cases cited therein." Garcia v. ITT Hartford Ins., Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 579974 (December 8, 1998, Peck, J.). "[O]nly an entire count of a counterclaim or an entire special defense can be subject to a motion to strike, unless the individual paragraph embodies an entire cause of action or defense." (Internal quotation marks omitted.) Leeb-Lundberg v. King, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 125302 (January 31, 1996, Tobin, J.). CT Page 10675
Here, subparagraphs a, c, d, and e do not set forth all of the essential allegations of the special defense and, therefore, are improper subjects of a motion to strike.
Accordingly, the motion to strike is denied.
Martin, J.