[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is the second memorandum of decision to be rendered by this court in this matter. On February 23, 2000, Judge Carroll granted the defendants' motion to strike count two of the complaint, which sounded in breach of contract. The plaintiff now moves to strike two of the defendants' three special defenses filed by Carole A. Faust, on behalf of her minor son, Randy (Faust). The defendants are Connecticut Junior Republic Association, Inc. (CJR) and three of its employees, John Sokolow, Kevin Tieman and Rod Pelletier.
The following facts are not in dispute. In May of 1998, when Faust was a resident student at CJR, he participated in a CJR hiking and camping trip. Sokolov, Tieman and Pelletier were present on the trip on behalf of CJR. During the trip, the party stopped at a rock formation approximately ten to fifteen feet above a pool of water. The plaintiff alleges that Sokolow offered to pay two dollars to the first student to jump off of the rock formation. Faust, allegedly in response to Sokolow's offer, jumped from the rock formation into shallow water and injured himself. In the complaint, the plaintiff asserts causes of action for negligence and recklessness.
On March 28, 2000, the defendants filed an answer and three special defenses. The plaintiff moved to have the defendants revise those special defenses. The defendants did in fact do so. In their revised special defenses, the defendants allege that CJR was a child care facility licensed by the Connecticut Department of Children and Families (DCF); that this court determined that Faust was a "family with services needs child," and committed him to DCF; and that DCF, in turn, referred Faust to CJR. Further, the defendants allege that CJR provided its resident CT Page 11972 students with "educational instruction through its school approved by the department of education." The defendants also allege that Faust was a student in the Bethel school district before attending CJR.
The defendants three special defenses are: first, they claim that Faust injuries were the result of his own negligence; second, they claim that CJR was acting as an agent of DCF and therefore the plaintiffs claims are barred by the doctrine of sovereign immunity; and in the third, they claim that CJR was acting as an agent of the town of Bethel and therefore the plaintiffs claims are barred by the doctrine of governmental immunity.
The plaintiff then filed a motion to strike the second and third revised special defenses on four grounds. In that motion, the plaintiff claims that the "Second Special Defense is insufficient as a matter of law because it fails to set forth any facts that would qualify the Defendant as a sovereign entity." Second, the plaintiff asserts that the "Third Special Defense is insufficient as a matter of law because it fails to allege any facts that would qualify the Defendant as a municipality." Third, the plaintiff recites, in the alternative, that even if the defendants were able to qualify either as a sovereign entity or as a municipality, the allegations of negligence "are ministerial and not discretionary, and are such that they do not bar recovery and meet the exception to sovereign immunity." Finally, the plaintiff claims, again in the alternative, that "even if the allegations of negligence . . . were found to be discretionary acts, the defendants may not invoke the Doctrine of Governmental Immunity because the acts clearly fall within the exceptions to that rule as defined in Purzycki v. Fairfield,244 Conn. 101 (1998), et al."
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Section 10-39 of the Practice Book. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Citations omitted; internal quotation marks omitted.) Danbury v. Dana InvestmentCorporation, 249 Conn. 1, 17 (1999). "A motion to strike is the proper method of challenging the legal sufficiency of a special defense." (Citation omitted.) Krasnow v. Christensen, 40 Conn. Sup. 287, 288
(1985). In so doing the court is "[obliged] to take the facts to be those alleged in the special defense and to construe the defenses in the manner CT Page 11973 most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536 (1992). If the facts do not support a valid defense to the plaintiffs cause of action, the motion to strike must be granted. See Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545 (1980).
In their second revised special defense the defendants attempt to invoke the doctrine of sovereign immunity by means of common law agency. Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . . Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Citations omitted, internal quotation marks omitted.) Gateway v. DiNoia, 232 Conn. 223,239-40 (1995). The plaintiff argues that the defendants fail to allege facts that support their allegations of agency. The defendants respond by arguing that they have alleged that CJR was licensed by DCF, that plaintiff had been committed to DCF and that the plaintiff was referred to CJR by DCF. Here, the plaintiff fails to allege facts sufficient to satisfy the elements of an agency relationship. As the plaintiff correctly observes the defendants do not allege that any state agency exercises day-to-day control over CJR, or over the manner in which CJR does its work.
In order to establish agency, the defendants rely on Hunte v.Blumenthal, 238 Conn. 146 (1996), where the court examined the statutory scheme surrounding foster homes; found that the Department of Children and Youth Services had significant control over the homes and foster parents; and determined that foster parents were state employees for the purposes of §§ 4-165 and 5-141d of the General Statutes. The defendants in the present case, however, fail to allege that DCF or any officer of the state had control over CJR. The defendants cannot incorporate a necessary element into their special defense by merely referencing the holding of a decision in their memorandum in opposition to a motion to strike. "A motion to strike, like a demurrer, is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Citations omitted; internal quotation marks omitted.) Alarm Applications Co. v. Simsbury VolunteerFire Co., supra, 549-50; see also Emerick v. Kuhn, 52 Conn. App. 724,739, cert. denied 249 Conn. 929, cert. denied, ___ U.S. ___,120 S.Ct. 500,145 L.Ed.2d 386 (1999). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike."Fortini v. New England Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. CT Page 11974 dismissed, 197 Conn. 801 (1985). The court determines that the allegations in the second special defense are insufficient to support the conclusion that an agency relationship existed between CJR and DCF, and thus are insufficient to support a special defense of sovereign immunity.
The plaintiff also moves to strike the third revised special defense in which the defendant claims governmental immunity as an agent for the town of Bethel. In the third revised special defense, the defendants repeat their allegations that CJR was licensed by DCF, that this court committed Faust to DCF, and that DCF referred Faust to CJR; and add that, "CJR provided its residents with educational instruction through its school approved by the department of education," and that "[j]ust prior to entering CJR, [Faust] had been a resident of Bethel, Connecticut and had been enrolled as a student in the Bethel, Connecticut school district." The defendants conclude that "[a]t all relevant times, CJR was acting as an agent of the Board of Education for the school district of Bethel, Connecticut." Nowhere do the defendants allege a manifestation by Bethel that CJR will act for it, or that Bethel had any control or input at all in CJR's education and supervision of Faust. See Gateway v. DiNoia, supra, 240. Indeed, the defendants do not allege that they had any relationship with Bethel. The court determines that the allegations in the third special defense are insufficient to support a special defense of governmental immunity.
The court agrees with the plaintiff that special defenses two and three are insufficient as a matter of law because the defendants fail to allege agency relationships with either the state or with Bethel. Therefore, the court need not reach the plaintiffs alternative grounds for striking these special defenses. The plaintiffs motion to strike the defendants' second and third special defenses is granted, and the defendants' objections thereto are, accordingly, overruled.
Moraghan, J.T.R.