[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE MOTION TO STRIKE OF DEFENDANT CELLU TISSUE CORPORATION
 FACTS
On September 13, 1999 Frederick A. McGinnis (hereinafter also "decedent") was employed as a Field Service Technician by Square D Company (hereinafter also referred to as "Square D"). On or about September 13, 1999 the defendant Cellu Tissue Corporation (hereinafter referred to as "Cellu Tissue") was engaged in the expansion of its plant facilities located at 2 Forbes Street, East Hartford, Connecticut including an upgrade, change and/or modifications to its electrical systems. On or before September 13, 1999 the defendant Cellu Tissue had hired Gallagher Electric, Inc. (hereinafter "Gallagher") to perform CT Page 17259 upgrading of its electrical system, and on or before September 13, 1999 Gallagher contacted the decedent to perform testing on a newly installed bus duct system. While the decedent was performing said testing on September 13, 1999 an electrical arc occurred at or about the 480-volt service connection resulting in a fireball explosion which engulfed and electrocuted the decedent causing him to suffer severe burns and other injuries which ultimately led to his death on November 11, 1999. This lawsuit was instituted by the decedent's wife, Kristin K. McGinnis, as Administratrix of the decedent's estate, Kristin K. McGinnis individually and on behalf of their two minor children Collin A. McGinnis and Megan C. McGinnis. The defendant Cellu Tissue has moved to strike paragraph 19 of Count Ten which alleges bystander emotional distress by Kristin K. McGinnis (hereinafter the "wife"), Counts Eleven and Twelve which call for loss of parental consortium, Counts Thirteen and Fourteen which claim strict liability on the basis of the work being done by the decedent having been ultra-hazardous and Counts 15 and 16 because they call for strict liability as aforesaid and a claim of loss of parental consortium. The motion was heard on short calendar on December 17, 2001.
 STANDARD OF REVIEW
A motion to strike challenges the legal sufficiency of a pleading, including special defenses and counterclaims. Practice Book § 152, now § 10-39; see generally Mingachos v. CBS, Inc., 196 Conn. 91,491 A.2d 368 (1985) (pleadings); see also Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985) (special defenses); FairfieldLease Corp. v. Roman's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985) (counterclaims). The motion admits well-pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985).
The court must construe the facts pleaded in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). If any facts alleged in the pleading would support a cause of action, the motion must fail. Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541, 545 (1980).
 FINDINGS
CT Page 17260 1. Count Ten Paragraph 19 of the Amended Complaint dated November 2,2001: Cellu Tissue claims that the wife, Kristin K. McGinnis, has made a claim for bystander emotional distress as she does in Paragraph 19. The leading case on emotional bystander distress is Clohessy v. Bachelor,237 Conn. 31, 56 (1996) which states as follows, inter alia: ". . . we conclude that a bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: . . . (2) the emotional injury of the bystanderis caused by the contemporaneous sensory perception of the event orconduct that causes the injury, or by arriving on the scene soonthereafter and before substantial change has occurred in the victim'scondition or location;. . .". (Emphasis added). It is clear in the case at bar that the wife was not present at the scene of the accident, and, therefore, could not have had the contemporaneous sensory perception of the event or conduct that caused the injury. The alternative to that are the words: "or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location". Although plaintiff's counsel claims that the hospital to which the decedent was taken was part of the "scene" this Court finds that the only logical definition of scene as set forth in Clohessy v. Bachelor is the scene of the accident. Further, the wife must be there before there is a substantial change in the victim's condition. There was probably no change in his condition at the scene. However, there was a substantial change in the location of the scene. The scene where the wife first appeared was at the hospital. Perhaps, the change in location could even mean that the victim could be seen by the wife at the scene, but this would not qualify for bystander emotional distress if the victim had been moved to some other location on the premises than that of the accident. It is abundantly clear that the wife did not arrive at the scene of the accident, and, therefore, cannot be entitled to claim bystander emotional distress. Maybe this rule should be changed so that watching her husband suffer in the hospital for four months before he died could be classified as producing bystander emotional distress. However, that would have to be done through the legislature or through an appeal to the Supreme Court which would overrule Clohessy v. Bachelor, supra. This Court has to abide by the ruling of the State Supreme Court which is the Clohessy case. Accordingly, the Motion to Strike Paragraph 19 of Count Ten is granted.
2. Counts Eleven and Twelve call for loss of parental consortium by theminor children. This cause of action is not recognized in Connecticut. See Mendillo v. Board of Education, 246 Conn. 456 (1998). Plaintiff's counsel draws a distinction between the case at bar and Mendillo becauseMendillo was a case of wrongful termination. The Court finds this to be a distinction without a difference. The Mendillo Court, regardless of the factual basis, stated ". . . that the general rule of limiting the tort feasor's liability to the person directly harmed should prevail. CT Page 17261 Although, in light of the plaintiff's arguments, the question is a close one, the balance of policy considerations fails to establish the additional justification necessary to support recognition of a legal duty on the part of a tort feasor to compensate the children of the person whom the tort feasor has harmed directly for their loss of consortium with their parent. We reach this conclusion primarily on the basis of: The fact that recognition of the cause of action would require arbitrary limitations; the additional economic burden that recognition would impose on the general public; the uncertainty that recognition would yield significant social benefits; the substantial risk of double recovery; and the weight of judicial authority." Id. 484-5. Plaintiff's counsel points to the dissent in Mendillo and elaborates on same as well as bringing in cases from other jurisdictions. However, a dissent is just that, a dissent, and not the majority opinion. Under the rule of stare decisis, the Court must follow the rulings of the State Supreme Court, in this case, Mendillo supra. The Motion to Strike Counts Eleven and Twelve is granted.
3. Counts Thirteen and Fourteen alleging strict liability based uponCellu Tissue's claims that the work was not ultra hazardous and that theownership of the building by Cellu Tissue does not make Cellu Tissueliable for conducting ultra hazardous work; namely, that it was thedecedent who conducted the ultra hazardous work. Cellu Tissue cites Greenv. Ensign-Bickford Co., 25 Conn. App. 479, 485 (1991), which states: "The issue of whether an activity is abnormally dangerous . . . is a question of law for a court to decide". As for the issue of whether or not Cellu Tissue was conducting the activity, the plaintiffs have alleged in paragraph sixteen of count thirteen in pertinent part: ". . . and/or Cellu Tissue were present, aware of and/or assisting the decedent in one or more aspects of said testing." The allegation of assisting the decedent is a sufficient claim that Cellu Tissue was engaging in ultra hazardous activity.
It is true that the Supreme Court has cited ultra hazardous activities that do not include the conducting of electricity. Although a Superior Court case has apparently found it not to be ultra hazardous, there is no Supreme Court or Appellate Court case limiting ultra hazardous activity to the exclusion of the factual situation in the case at bar.
Citing Green v. Ensign-Bickford, supra, defense counsel states that a factor to be considered in determining whether the activity is ultra hazardous is whether or not there is "inability to eliminate the risk by the exercise of reasonable care", and points out that the plaintiff has claimed that Cellu Tissue, was negligent, thereby not using reasonable care. If that is proven, then there is not an inability to eliminate the risk by the exercise of reasonable care. However, plaintiffs have a right CT Page 17262 to plead in the alternative, and their claim of negligence in other aspects of the complaint does not prohibit them from claiming strict liability under an ultra hazardous activity. This motion is only a Motion to Strike, and it may be that expert testimony is necessary at trial to determine whether the activity is ultra hazardous. This is a close question, but since the Court must take the complaint in the light most favorable to the plaintiffs, the Court hereby denies the Motion to Strike as to Count Thirteen. The Motion to Strike is at least premature.
Defendant, Cellu Tissue, has moved to strike only paragraph twenty from Count Fourteen is because there is a claim by the wife for bystander emotional distress. Based upon this Court's prior ruling, that paragraph of Count Fourteen is stricken although the other claims remain in said Count Fourteen because they are valid claims under an ultra hazardous activity.
4. Counts Fifteen and Sixteen calling for strict liability as theresult of ultra hazardous activity but calling also for loss of parentalconsortium. The Court finds for the reasons aforementioned that although the claim for strict liability and ultra hazardous activity may be valid at this point, the claim for loss of parental consortium is not valid. The latter is the only claim for damages in both counts. Accordingly, Counts Fifteen and Sixteen are hereby stricken.
Rittenband, JTR