[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S AMECHE ARCHITECTS, LLC. MOTION TO STRIKE
In reviewing a motion to strike, the facts alleged in the complaint are to be construed in a light most favorable to the pleader. Faulkner v.United Technologies Corp., 240 Conn. 576, 580 (1997). If the facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138,142 (1989). The complaint must be construed in a manner most favorable to sustaining its legal sufficiency. Sassone v. Lapore, 226 Conn. 773, 780
(1993). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90,93 (1985). Conclusions of law and facts from outside the pleadings are extraneous and may not be considered. Krasnow v. Christiansen,40 Conn. Sup. 287, 288 (1985).
The defendant, Ameche Architects, LLC (Ameche), filed its Motion to Strike the Sixth, Seventh, Eighth and Ninth Counts of the plaintiff, Coppola Construction Company, Inc., amended complaint, which the plaintiff filed against the Housing Authority of the City of Middletown (Housing Authority) and Ameche.
The plaintiff alleges that it entered into a contract with the Housing Authority for a construction project to perform the exterior renovations CT Page 2706 at Maplewood Terrace in Middletown, Connecticut. (Project)
The defendant, Ameche was engaged by the Housing Authority as its design professional and the parties entered into an agreement under which Ameche would provide engineering and architectural services for the project and accordingly Ameche prepared plans and specifications setting forth in detail the requirements for construction on the project. These plans and specifications, were transmitted to Coppola for its direction in performing the work on the project.
Coppola alleges in its Nine Count complaint that the site conditions it found in the performance of its contract were considerably different from those indicated in the plans and specifications and prevented Coppola from carrying out the work required under its contract with the Housing Authority.
The first Five Counts of the complaint deal with the defendant, Housing Authority and are not concerned in Ameche's motion to strike.
To be considered by the court in ruling on the instant motions are Counts Six, Seven, Eight, and Nine of the plaintiffs' complaint which alleges; in Count Six, breach of contract to third party beneficiary; Count Seven, negligence; Count Eight, and, in Count Nine, breach of implied warranty.
The court has reviewed the complaint, the motion to strike, the objection thereto and the supporting briefs and arguments of counsel and concludes that the defendant Ameche's motion to strike should be denied.
In applying the established criteria applicable to ruling on a motion to strike, the court concludes that the plaintiff alleges, in Counts Six, Seven, Eight and Nine of its complaint sounding against Ameche, sufficient fact, which, if proven would support the cause of action delineated therein.
As to Count Six, the plaintiff has alleged facts sufficient to support a conclusion that the Housing Authority and Ameche intended that Coppola was to be a third party beneficiary of its contract for professional design service.
As to Count Seven, the court concludes that Coppola has alleged facts to support a finding of negligence against Ameche. The court concludes that, under evolving law, Coppola is not limited to personal injury or property damage but may recover for financial loss where such losses are foreseeable. CT Page 2707
As to Count Eight, the court concludes that CUTPA applies where the allegation against the defendant pertain to its entrepreneurial or commercial aspects rather than its profession conduct. The plaintiff has correctly pleaded its cause in Count Eight.
As to Count Nine, the plaintiff alleges sufficient fact to support its assertion of breach of implied warranty on the part of Ameche.
Accordingly, the court denies the defendant, Ameche's motion to strike Counts Six, Seven, Eight and Nine of the plaintiffs' complaint.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE