[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE THE PRAYER FOR RELIEF
The defendants moved to strike the second, third, fifth and sixth counts of the plaintiffs' complaint as well as the second and third Prayers for Relief by motion dated July 25, 2002. On December 23, 2002 this Court denied the motion to strike the second, third, fifth and sixth counts of the plaintiffs complaint and reserved decision on whether to strike the second and third Prayers for Relief with the understanding that the parties would file supplemental briefs on that issue. The Court has received a supplemental memorandum from the defendants dated January 3, 2003 and a supplemental memorandum from the plaintiffs dated January 6, 2003.
The subject of this lawsuit is a motor vehicle accident which occurred on or about May 13, 2000. The Court believed in acting upon the motion to strike that the plaintiffs had set forth a statutory claim of recklessness under CGS § 14-295 as well as a common law claim of recklessness. Now the defendants claim that vicarious liability for punitive damages is barred by the common law of the State of Connecticut and that CGS § 14-295 does not provide for the imposition of double-treble damages through the doctrine of vicarious liability. The motion to strike is directed at the potential liability of the owner of the eighteen-wheel truck in question, J.B. Hunt Transport, Inc. aka.
 STANDARD OF REVIEW
A motion to strike challenges the legal sufficiency of a pleading, including special defenses and counterclaims. Practice Book § 152, now § 10-39; see generally Mingachos v. CBS, Inc., 196 Conn. 91,491 A.2d 368 (1985) (pleadings); see also Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985) (special defenses); FairfieldLease Corp. v. Roman's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985) (counterclaims). The motion admits well-pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated CT Page 1158 in the pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985).
The court must construe the facts pleaded in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). If any facts alleged in the pleading would support a cause of action, the motion must fail. Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541, 545 (1980).
 FINDINGS
It is well-settled law that the common law does not impose punitive or exemplary damages against a principal based solely upon a theory of vicarious liability. Maisenbacker v. Society Concordia, 71 Conn. 369,379-80 (1999); also see Gionfriddo v. Avis Rent-a-Car Sytem, Inc.,192 Conn. 280, 288-9 (1984).
As for statutory liability under CGS § 14-295, the Connecticut General Assembly did not expressly abrogate this common law rule when it enacted said statute nor does the language of CGS § 14-295 authorize the imposition of multiple damages against a non-operator owner of a vehicle involved in an accident. See Nocera v. Besso, 1999 W.L. 810,582, Gordon, J, September 29, 1999, Docket No. CV 98-0086777 5.
The exception to vicarious liability based upon a statute is CGS §14-154a which states in pertinent part "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such while so rented or leased, to the same extent as the operator would have been liable if hehad also been the owner." (Emphasis added). This latter statute was enacted in 1969 P.A. 747, 5. 3. CGS § 14-295 was initially enacted in 1949 and amended in 1976, 1977 and 1985. It is a principle of statutory construction that the Legislature is aware of other statutes on the same subject when it enacts or amends another statute. When the legislature, therefore, decided to pass a statute calling for vicarious liability in 1969 (CGS § 14-154a) it could have amended CGS §14-295 of which it was well aware to call for vicarious liability, but chose not to do so. Even CGS § 52-183 in which the operator is presumed to be the agent or servant of the owner of the motor vehicle and operating it in the course of his employment does not specifically CT Page 1159 abrogate the common law and make the owner vicariously liable for common law recklessness. The latter statute was adopted in 1949 and amended byPublic Act 82-160 so the legislature had an opportunity to amend that statute at any time and in particular when it adopted CGS § 14-154a. It chose not to do so, which shows a legislative intent not to abrogate the common law.
Accordingly, the Court makes the following findings as to J.B. Hunt Transport, Inc. aka:
1. The motion to strike the Prayer for Relief as to Count Two is granted.
2. As to Count Four, the motion to strike the Prayer for Relief in paragraph two is granted because there is no allegation as to violation of CGS § 14-295 in said Count Four nor are the allegations required under CGS § 14-295 present in Count Four. Count Four would be an exception in that CGS § 14-154a does abrogate the common law and in paragraph 3 of Count Four a lease is alleged which would bring it under said section. However, the motion to strike paragraph 2 of the Prayer for Relief as to Count Four is granted because there is no allegation of recklessness, either common law or statutory, in Count Four.
3. As to paragraph 3 of the Prayer for Relief as it applies to Count Three, the motion to strike is granted because is does not allege a lease situation, and although it does allege common law recklessness, there is no vicarious liability for common law recklessness as it applies to the defendant J.B. Hunt Transport, Inc. aka.
4. As to paragraph 3 of the Prayer for Relief as to Count Six, paragraph 3 of Count Six alleges a lease arrangement, and, therefore, CGS § 14-1 54a does apply, and that statute abrogates the common law to the extent that the defendant owner, J.B. Hunt Transport, Inc. aka is liable vicariously for the alleged recklessness of the defendant Stewart. Accordingly. the motion to strike the Prayer for Relief in paragraph 3 as to the Sixth Count is denied.
___________________ Rittenband, JTR CT Page 1160